IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PHILLIP FOXX, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 2:21-cv-257 |
| | ) | |
| v. | ) | Judge Christy Criswell Wiegand |
| | ) | Magistrate Judge Patricia L. Dodge |
| ERIC W. TICE, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**REPORT AND RECOMMENDATION**

**I.     RECOMMENDATION**

Pending before the Court is Respondents' motion to dismiss state prisoner Phillip Foxx's petition for a writ of habeas corpus because he failed to comply with a Court order and notify this Court within 30 days of the conclusion of his state-court proceeding. (ECF 12.) It is respectfully recommended that the Court deny Respondents' motion.

**II.    REPORT**

   **A.     Relevant Background**

In 1994, an Allegheny County jury convicted Foxx of the crimes of second-degree murder, robbery, aggravated assault, recklessly endangering another person, criminal conspiracy, and carrying a firearm without a license. Foxx, who was 16 when he committed the crimes, was originally sentenced to life without parole on the murder conviction and a consecutive aggregate term of 25 to 50 years' imprisonment on the remaining convictions. In 1996, the Superior Court of Pennsylvania affirmed Foxx's judgment of sentence on direct appeal. *See Commonwealth v. Foxx*, 2019 WL 4899215, *1 (Pa. Super. Ct. Oct. 4, 2019).

Foxx then filed his first petition under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. That petition was denied and no appeal was taken. Foxx then

filed a second PCRA petition, which was denied in 2005, and no appeal was taken. In 2010, Foxx filed yet another PCRA petition, his third, which also did not succeed. *Id.* at *1-2.

In 2012, the Supreme Court of the United States decided *Miller v. Alabama*, 567 U.S. 460 (2012) and held that mandatory life imprisonment without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on cruel and unusual punishment. In 2013, Foxx filed his first petition for a writ of habeas corpus under 28 U.S.C. § 2254 with this Court in which he asserted that his sentence of life imprisonment on his murder conviction was unconstitutional under *Miller*.

Foxx's 2013 petition was docketed in this Court at *Foxx v. Rozum*, No. 2:13-cv-853 (W.D. Pa.) An attorney with the Federal Public Defender's Office entered her appearance as Foxx's counsel pursuant to this Court's administrative order appointing that Office to represent all those habeas petitioners who might be eligible for relief under *Miller*. Foxx, through counsel, then moved to stay that habeas case because he was exhausting his *Miller* claim in state court in another PCRA proceeding. The Court granted that motion and Foxx's 2013 federal habeas case was stayed.

In Foxx's PCRA proceeding, the Commonwealth admitted that he was entitled to a new sentencing hearing under *Miller*.[1] The Common Pleas Court then held a resentencing hearing at which six witnesses testified on behalf of Foxx. On July 25, 2017, the Common Pleas Court sentenced Foxx to a term of 30 years to life imprisonment on the second-degree murder conviction, to be followed by a consecutive aggregate term of 5-10 years' imprisonment for his other crimes. The Superior Court affirmed this judgment of sentence on direct appeal. *Foxx*, 2019 WL 4899215, at *1-9.

---

[1] In 2016 in *Montgomery v. Louisiana*, 577 U.S. 190 (2016) the Supreme Court held that *Miller* announced a substantive rule of constitutional law that applies retroactively to cases on collateral review.

2

Next, in July 2019, Foxx, through counsel, moved to withdraw his federal habeas petition at 2:13-cv-853 because he received the relief he sought in it (a new sentencing hearing under *Miller*) in state court. In an order dated July 5, 2029, this Court granted that motion and dismissed Foxx's 2013 petition.

Foxx initiated the instant habeas case in February 2021 when he filed a pro se petition for a writ of habeas corpus in which he raised claims challenging the legality of his 2017 judgment of sentence. (ECF 5.) He also moved to stay this case while he litigated another PCRA petition in state court. In an order dated March 10, 2021, the Court granted Foxx's motion and "instructed [Foxx] to file a motion to reopen this case within thirty (30) days of the conclusion of his state court proceeding." (ECF 9.)

The Common Pleas Court later denied Foxx's PCRA petition. The Superior Court affirmed that decision on August 20, 2024 in *Commonwealth v. Foxx*, 326 A.3d 448 (Pa. Super. Ct. 2024). Foxx, who was proceeding pro se in the state court proceeding,[2] did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. Accordingly, his PCRA proceeding concluded around September 19, 2024, when the 30-day period for him to do so expired.

Thus, Foxx should have notified this Court by no later than around October 21, 2024 that his PCRA proceeding had concluded and therefore, that the stay should be lifted so he could continue to seek federal habeas relief. Foxx did not move to lift the stay, however, or otherwise communicate with this Court.

On July 25, 2025, Respondents filed the pending motion to dismiss, in which they contend that because Foxx "failed to notify [this Court] that the state court proceedings concluded

---

[2] The Common Pleas Court appointed counsel to represent Foxx in the PCRA proceeding. On August 7, 2024, following a hearing under *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998), that court permitted counsel to withdraw and Foxx to proceed pro se.

approximately a year ago," this Court should dismiss this habeas case "for failure to comply with the March 9, 2021 Order of Court." (ECF 12.)

Thereafter, the Court lifted the stay and direct Foxx to file a response to the motion to dismiss. An attorney with the Federal Public Defender's Office then entered his appearance as Foxx's counsel (ECF 18), and filed a response (ECF 19) opposing Respondents' motion. Counsel also moved for leave to amend Foxx's 2021 pro se petition to raise claims of ineffective assistance of counsel.[3] (ECF 21.)

**B.   Discussion**

Rule 41(b) of the Federal Rules of Civil Procedure addresses the involuntary dismissal of an action or a claim and therefore governs the Court's disposition of Respondents' motion. *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863 (3d Cir. 1984); *see also* Brian R. Means, Federal Habeas Manual § 8:52, Westlaw (database updated June 2025) ("a federal habeas action may be dismissed for failure of the plaintiff to comply with the rules or a court order. Fed. R. Civ. P. 41(b).") In *Poulis*, the Court of Appeals set forth these six factors to be weighed in considering whether dismissal is proper under Rule 41(b):

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

*Id.* at 868 (emphasis omitted). There is no "magic formula" or "mechanical calculation" to determine whether a case should be dismissed for failure to prosecute. *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992). None of the *Poulis* factors are dispositive and not all of them need to

---

[3] The motion to amend is pending. It will be decided after the Court rules on the instant motion to dismiss.

weigh in favor of dismissal before dismissal is warranted. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008); *Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988). Rather, the Court must "properly consider and balance" each of the six factors based on the record. *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019) (citing *Poulis*, 747 F.2d at 868). It must also analyze the factors in light of the "strong policy favoring decisions on the merits." *Id.*

As the movants, Respondents have the burden of persuading the Court that this habeas action should be dismissed for failure to prosecute. They have not met there burden here. In fact, they do not cite or discuss any of the *Poulis* factors.

The only *Poulis* factor that is implicitly invoked by Respondents' motion is the third factor, which considers whether there is a history of dilatoriness. "[E]xtensive or repeated delay or delinquency constitutes a history of dilatoriness[.]" *Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund*, 29 F.3d 863, 874 (3d Cir. 1994). "A party's problematic acts must be evaluated in light of its behavior over the life of the case." *Id.* at 875. Here, there is no history of dilatoriness on Foxx's part. That he failed to comply with one Court order and move to reopen this case within 30 days of the conclusion of his PCRA proceeding does not warrant the extreme sanction of dismissing this case for failure to prosecute. *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) ("conduct that occurs one or two times is insufficient to demonstrate a history of dilatoriness.") (internal quotations and citations omitted). Moreover, although Foxx's failure to comply with the Court's instructions as to when to move to lift the stay has delayed this habeas action from proceeding for about one year, Respondents have not shown how they are prejudiced by the delay.[4]

---

[4] In addition to being able to challenge the merits of Foxx's claims, Respondents also will be able to raise any procedural defense available to them when they answer Foxx's claims for habeas relief.

## III. CONCLUSION

For these reasons, Respondents have failed to show that the *Poulis* factors favor dismissal. Thus, it is respectfully recommended that the Court deny Respondents' motion to dismiss. (ECF 12.)

Objections to this Report and Recommendation are due by September 25, 2025.

September 11, 2025                     /s/ Patricia L. Dodge
                                       PATRICIA L. DODGE
                                       UNITED STATES MAGISTRATE JUDGE